[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff (McNeil) filed this action against the defendant H.N.S. Management Co. and the bus driver of a Connecticut Bus, for an incident that took place on February 4, 1997.
McNeil instituted another action, CV-98-0412953, for another incident against the same corporate defendants but a different bus driver that took place on June 5, 1997. CT Page 9021
The two cases were consolidated and tried to the court.
The court, although it heard evidence pertaining to both cases, addresses each by way of separate memoranda.
The February 4, 1997 — which the court entitles Incident One — alleges that McNeil's left foot was caught between the front flap and the rail on the left side of a motorized scooter for which the Connecticut bus provide a lift onto the bus and out to the ground. In Incident One McNeil sustained an aggravation of previous injuries to her body; and twisted her left ankle and knee. In Incident One and Incident Two the plaintiff alleges negligence by the respective operators of their buses in the operation of the handicap lift of their respective buses.
The defendants deny these allegations and as a special defense in each case claim that McNeil's failure to keep her feet properly positioned within the scooter was the cause for her injuries.
The defendants assert that McNeil was well trained in the operation of her scooter and with the access and egress from the handicap lift operation by the bus.
The plaintiff asserts in both cases that the flap on the lift for the scooter to go onto the lift and to go down when leaving the bus and reaching the ground came back to strike her on her foot.
Bianchi, the operator of the bus, testified as to Incident One that McNeil did not properly position her feet within the scooter when leaving the bus which resulted in her foot being caught between the railing on the scooter and the lift. Her only injuries sustained on the February 4, 1997 Incident One was a contusion of her left foot with localized swelling. McNeil incurred medical expenses of $260.00 (Exh. 4). She now seeks a judgment in her favor of $260.00 for economic damages and $2000.00 for non-economic damages.
The defendant argues that McNeil testified somehow or another it (the flap) twisted my left knee. McNeil's knee was in a cast/brace on February 4, 1997 when she boarded the bus.
The court concludes that McNeil, who had prior injuries to both her back and knee (Defendant's Exhibits 2 and 3), had her foot outside the platform of the scooter notwithstanding her testimony to the contrary. An examination of Exhibit 10 photos shows that physically her foot if on the platform within the scooter would not support her claim that the flap would have gone to her toes. CT Page 9022
Accordingly, the court finds that the plaintiff has failed to establish that the negligence of the operator Bianchi caused the injuries claimed by the plaintiff
Judgment may enter in favor of the defendants.
FRANK S. MEADOW Judge Trial Referee